UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TADARRA SCRANTON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:08CV766 RWS |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Tadarra Scranton seeks a writ of habeas corpus. He alleges five grounds for relief. I referred this matter to United States Magistrate Judge David D. Noce for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On May 5, 2009, Judge Noce filed his recommendation that Scranton's habeas petition should be denied.

Scranton timely filed objections to the Report and Recommendation and objects to the recommendation that habeas relief be denied. I have conducted a de novo review of all matters relevant to the petition. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Noce and will deny Scranton's habeas petition.

Scranton raised five grounds for relief in his habeas petition. Judge Noce found that grounds one through four of the petition were procedurally barred from review because Scranton failed to advance these claims on appeal from the trial court's denial of post-conviction relief. However, Judge Noce reviewed the merits of all five of Scranton's grounds for relief, found them to be without merit, and recommended that Scranton's petition be denied.

In my de novo review I note that the state post-conviction motion court considered all the claims raised in Scranton's pro se motion for post-conviction relief as well as the claims in the amended motion filed by appointed post-conviction counsel. However, neither the pro se motion

or the amended motion contained claims of ineffective assistance of counsel regarding surveillance tapes from one of the shooting scenes (ground three of the federal habeas petition) or regarding the suppression of statements made by Scranton (ground four of the federal habeas petition).

Ground five of Scranton's habeas petition asserts that he was denied the right to represent himself before the post-conviction motion court. On appeal from the denial of his post-conviction motion, the Missouri Court of Appeals determined that Scranton never filed a request or motion to represent himself in the Rule 29.15 proceeding but merely requested that the motion court consider only his pro se motion, strike the amended motion, and appoint new post-conviction counsel. Although the motion court did not appoint new counsel or strike the amended motion it did consider Scranton's pro se claims. The appeals court concluded that the motion court did not err by not letting Scranton represent himself before the motion court because Scranton never made the request to represent himself.

In his traverse and his objections to the report and recommendation Scranton asserts that grounds one through four of his habeas petition should not be deemed procedurally barred because the Missouri post-conviction motion court and the post-conviction appellate court failed to follow their own law when they denied Scranton his right to represent himself before the post-conviction motion court.

I find that the post-conviction court of appeals did not err in determining that Scranton did not seek to represent himself in the post-conviction motion proceeding. As a result, grounds one through four of Scranton's federal habeas petition are procedurally defaulted.

Moreover, my review of all five of Scranton's grounds for habeas relief leads me to conclude that all of these claims fail on their merits.

In reaching the decision that Scranton's grounds for relief have no merit, I have also

considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See* Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Scranton has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Tadarra Scranton's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2009.